**COMP**
GABROY LAW OFFICES
Christian Gabroy, Esq. (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax   (702) 259-7704
CHRISTIAN@GABROY.COM

Leon Greenberg, Esq. (#8094)
Leon Greenberg Professional Corporation
2965 South Jones Boulevard #E-4
Las Vegas, NV 89146
Tel   (702) 383-5085
Fax   (702) 385-1827

*ATTORNEYS FOR PLAINTIFF*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Raymond Collins; Laura Fankuchen; Brandon Ferguson; Brian Hansen; Erin Kurpinski; Richard Martinez; Raymundo Navejar; Caroline Meyer; Allison Power; Jay Queniahan; Jason Ratner; Esperanza Rico; Jessica Rodriguez; Steven Smith; Rosemary Viramontes; Nicholas Wheeler; Dana Withaegar,<br><br>Plaintiffs,<br>vs.<br><br>WALGREEN CO., d/b/a WALGREENS; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(JURY DEMAND)** |

## **COMPLAINT AT LAW**

COMES NOW Plaintiffs, Raymond Collins, Laura Fankuchen, Brandon

Ferguson, Brian Hansen, Erin Kurpinski, Richard Martinez, Raymundo Navejar, Caroline Meyer, Allison Power, Jay Queniahan, Jason Ratner, Esperanza Rico, Jessica Rodriguez, Steven Smith, Rosemary Viramontes, Nicholas Wheeler, Dana Withaegar, ("Plaintiff" or collectively "Plaintiffs"), by and through their attorney, Christian Gabroy, Esq. of Gabroy Law Offices, and hereby alleges and complains against Defendant Walgreen Co. ("Defendant" or "Walgreens") and states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs overtime compensation for the hours that Plaintiffs worked off the clock for each single workweek. Further, Plaintiff additionally brings claims under state law for improper wage payments.

2.     Each Plaintiff filed a "Consent to Join" in a collective action that was conditionally certified and then decertified in the United States District Court for the Western District of Arkansas, *Kunio Teramura, et al. v. Walgreen Co.,* 5:12-cv-5244-JLH ("*Teramura*").  The *Teramura* court tolled the Plaintiffs' statute of limitations until September 30, 2014, allowing Plaintiffs time to file a new lawsuit in their respective states.

## THE PARTIES

3.     Each Plaintiff is an individual who worked for Defendant as an Executive Assistant Manager ("EXAs") in Nevada within the three years preceding the filing of their Consent to Join in *Teramura*. At all times relevant, Plaintiffs were employed by Defendant Walgreens.

4.     Defendant Walgreens is a foreign for-profit corporation registered to

conduct business in the State of Nevada.

5. Defendant is a national retailer of "pharmacy, health and wellness solutions, and consumer goods and services," employing over 240,000 people and operating approximately 8,000 stores across the country.

6. The approximately 8,000 stores owned or operated by or doing business as Defendant exist for the common business purpose of retailing pharmacy, health and wellness solutions, and consumer goods and services.

7. Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, including specifically pharmacy, health and wellness, and consumer goods.

8. At all times relevant, Defendant was an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1). More specifically, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA in that Defendant has engaged in an annual gross volume of sales made or business done that exceeds the $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes.

9. Defendant's annual gross volume of sales is not less than $500,000.00.

10. Does 1 – 10 and Roe Corporations 11 – 20, at all times relevant, were entities, whether individual, corporate, limited liability company and/or companies, associates, partnership(s), agents or otherwise, who are in some manner responsible for the injuries and/or negligence described herein, who are unknown to Plaintiffs at this time and who therefore sue said Defendant(s) by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained. These Defendants who are sued by such fictitious names owed Plaintiffs a

duty of reasonable care and/or violated statutory provisions that apply to Plaintiffs and protect Plaintiffs.

11. Plaintiffs herein demand a trial by jury on all issues triable by jury.

## JURISDICTION AND VENUE

12. The United States District Court for the District of Nevada has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

13. Defendant conducts business within the State of Nevada, operating retail stores that sell merchandise in consumer goods categories, such as pharmacy, health and hygiene, beauty and cosmetics, grocery, vitamins and supplements, and other consumer goods categories.

14. Defendant has purposely availed itself of demand for consumer goods within the physical and political boundaries of the State of Nevada.

15. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1), (c), because the State of Nevada has personal jurisdiction over Defendant.

## FACTUAL ALLEGATIONS

16. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

17. Defendant employed Plaintiffs within the relevant statute of limitations.

18. At all times relevant to this action, Defendant suffered or permitted Plaintiffs, as EXAs, to unload merchandise from inventory supply trucks, stock merchandise onto the shelves, face or straighten the merchandise on the shelves, complete various tasks and instructions from the store manager, erect seasonal promotional displays, and perform other hourly-type jobs, including, but not limited to, operating the cash register,

operating the photo booth, and working in pharmacy as needed.

19.     Plaintiffs, as EXAs, are or were required by Defendant to be scheduled for a minimum of forty-four (44) hours per week each work week and/or were worked over 40 hours per each work week.

20.     Despite the scheduled hours, Plaintiffs very commonly work or worked more than the required forty-four (44) hours per week.

21.     Defendant does not and has not compensated Plaintiffs with one and one-half times their regular rate for hours worked over forty each week.

22.     While working as EXAs for Defendant, Plaintiffs spend or spent a majority of their time during each week unloading merchandise from inventory supply trucks, stocking merchandise onto the shelves, facing or straightening the merchandise on the shelves, completing various tasks and instructions from the store manager, erecting seasonal promotional displays, and performing other hourly-type jobs, including, but not limited to, running cash register, operating the photo booth, and working in the pharmacy as needed.

23.     Plaintiffs, as EXAs, report or reported to a Store Manager who is or was in charge of the store.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – WAGES
## 29 U.S.C. §201 *et seq.* (FLSA)

24.     Plaintiff hereby realleges and incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25.     This count arises from Defendant's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for its failure to pay lawful wages to Plaintiff including but not limited to paying Plaintiff for all time worked in excess of forty (40) hours in individual work weeks.

26. At all material times hereto, Plaintiffs were employed by Defendant as an "employee" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1). Plaintiff performed a variety of job duties and responsibilities for Defendant within this judicial district.

27. At all material times hereto, Defendant was Plaintiff's "employer" per the FLSA, 29 U.S.C. §203(d).

28. At all relevant times and during the course of their employment for Defendant, Plaintiffs were employed by Defendant and were not exempt from the overtime wages provisions of FLSA 29 U.S.C. §207.

29. Plaintiffs were directed by Defendant to work, and/or Defendant suffered Plaintiffs to work, and Plaintiffs did such work, in excess of forty (40) hours per week.

30. Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regularly hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

31. Defendant did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendant paid Plaintiffs at their regular rate of pay for all hours worked, including hours worked in excess of forty (40) in individual work weeks. In violation of the law, Plaintiffs worked in excess of 40 hours a week but were only paid for 40 hours a week on a set salary basis.

32. As a result of Defendant's failure and refusal to pay lawful wages, including overtime wages, to Plaintiffs for all time worked in excess of forty(40) hours per week Defendant violated FLSA 29 U.S.C. §207.

33. Defendant willfully violated the FLSA by refusing to pay Plaintiffs lawful

wages, including overtime wages, for all time worked in excess of forty (40) hours per week. All of the alleged various violations of the law herein were committed intentionally and/or willfully by the Defendant herein.

34. Per the FLSA, Plaintiffs seek all available damages including but not limited to attorneys' fees, liquidated damages, and all lawful wages.

## COUNT II
### Violation of Nevada Revised Statute 608.005 *et. seq*-Wages

35. Plaintiffs hereby realleges and incorporates paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. NRS 608.005, *et. seq.* which applies to Defendant's business, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week or eight (8) hours per day. Defendant failed to pay Plaintiffs their lawful wages in accordance with NRS 608.005, *et. seq.* by compensating Plaintiffs on a set basis or salary basis even though Plaintiffs worked in excess of 40 hours per week.

37. Further, upon information and belief, Defendant failed to provide Plaintiffs and maintain all records in accordance with NRS 608.15 and has been damaged thereto.

38. Pursuant to NRS 608.005, *et. seq.,* including but not limited to NRS 608.150, NRS 608.018, and NRS 608.040, Plaintiffs seek all available damages for such unlawful payment practices and improper records of wages.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all time which Plaintiffs worked in excess of forty (40) hours per

week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. All damages under NRS 608.005, *et. seq.;*

D. Prejudgment and Post-Judgment Interest; and,

E. Appropriate injunctive relief as this Court deems necessary,

F. Such other and further relief as this Court deems appropriate and just.

Dated this _26___ day of September 2014.

          Respectfully submitted,

          GABROY LAW OFFICES

          By     __/s/ Christian Gabroy_____
          CHRISTIAN GABROY
          The District at Green Valley Ranch
          170 South Green Valley Parkway, Suite 280
          Henderson, Nevada 89012
          Tel   (702) 259-7777
          Fax   (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704