1          **UNITED STATES DISTRICT COURT**

2          **DISTRICT OF NEVADA**

3

4    Raymond Collins et al,                              2:14-cv-01587-JAD-VCF

5          Plaintiffs                                    **Order**
                                                         [#27, 28]
6    v.

7    Walgreen Co. dba Walgreens, et al,

8          Defendants

9

10

11         This is an employment action by former Walgreens managers asserting claims under the Fair

12   Labor Standards Act (FLSA).  The parties have settled their claims and jointly move the court to

13   deem their settlements as good-faith ones.[1]  They also ask the court to permit them to file their

14   settlement agreements under seal because "the Parties[] have agreed that their settlement agreements

15   are confidential" and confidentiality "is a material term of the settlement."[2]  I conclude that the

16   parties have not demonstrated compelling reasons to seal these settlement agreements and I deny the

17   motion to seal.  Because my denial of the sealing motion leaves me without copies of the settlement

18   agreements the parties are asking me to evaluate, I also deny without prejudice the joint motion to

19   approve those agreements and vacate the August 3, 2015, hearing.

20                              **Discussion**

21         There is "a strong presumption in favor of keeping settlement agreements in FLSA wage-

22   settlement cases unsealed and available for public view."[3]  This openness furthers "Congress's intent

23   _____

24   [1] Doc. 27.

25   [2] Doc. 28 at 5.

26   [3] _See, e.g., Cuttic v. Crozer–Chester Med. Ctr.,_ 868 F. Supp. 2d 464, 467 (E.D. Pa. 2012); _Bouzzi v.
27   F & J Pine Rest., LLC,_ 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012) ("Where . . . the FLSA settlement
     is submitted to the court for approval, the approval process is a judicial act. Consequently, the
28   settlement agreement is a judicial document to which the presumption of public access attaches.");

both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."[4]  And it is consistent with the general presumption of a right to public access to court documents.[5]  As a result, trial courts overwhelmingly deny requests to seal settlement agreements in FLSA actions.[6]

The presumption that settlement agreements should remain public in FLSA cases may be rebutted with "compelling reasons."[7]  That the parties have a confidentiality clause or otherwise have agreed to keep the terms of their agreement secret is not a compelling reason.[8]  But that's the only

---

*Tran v. Thai,* 2009 WL 2477653, at *1 (S.D. Tex. Aug.12, 2009) ("The presumption of public access to settlements of FLSA actions is particularly strong.").

[4] *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010).

[5] *See, e.g., Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) ("The public has an interest in knowing what terms of settlement a federal judge would approve and perhaps therefore nudge the parties to agree to.").

[6] *See, e.g., Pollock v. Byrider Fin*., LLC., 2015 WL 4040400, at *2 (W.D. Pa. June 30, 2015) (collecting cases); *Weismantle v. Jali,* 2015 WL 1866190, at *2 (W.D. Pa. April 23, 2015) (collecting cases and stating: "What can be gleaned from this prevailing, if not overwhelming caselaw trend is that, *absent something very special in a very specific case which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view,* ... [an FLSA settlement] cannot be filed under seal.") (emphasis added); *Joo v. Kitchen Table, Inc.,* 763 F. Supp. 2d 643, 646–48 (S.D.N.Y. 2011) (noting overwhelming consensus against sealing FLSA settlement agreements submitted for court approval).

[7]*Smith v. Golden Gate LLC*, 2015 WL 2340231, at *2 (E.D. Cal. May 13, 2015) (collecting cases for the proposition that "[d]istrict courts that have considered a motion to seal an agreement settling FLSA claims have applied the presumption of public access and compelling reasons standard"). Compelling reasons are required to seal documents attached to a dispositive motion. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The joint motion to approve the parties' settlement agreement is a dispositive motion because it will result in the termination of this litigation.

[8] *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013) ("[B]ecause there is potential public value to disclosing settlement terms, including amount, parties have to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason."); *see also Snook v. Valley OB–GYN Clinic, P.C.,* 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) (collecting cases and stating, in the FLSA context, that "[g]enerally, courts have roundly rejected the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access") (internal quotation marks omitted).

reason that the parties offer here.  Because the parties have asked the court to approve the terms of their settlement, those terms are presumptively public.  The parties bear the burden of persuasion to rebut this presumption, but they have offered no argument beyond the mere existence of a confidentiality provision in their settlement agreement.  This is not enough.

Because the parties have failed to articulate any facts that justify the sealing of their settlement agreements, I deny without prejudice their joint motion to file the confidential settlement agreement under seal [Doc. 28].  The parties' joint motion for approval of the settlement agreements depends on their motion to seal being granted—indeed, the parties have not yet provided me with a copy of the agreements or any hint to their material terms.  Because my denial of this motion to seal leaves me without the key documents I need to decide the joint request to approve the settlement, that motion is also denied without prejudice [Doc. 27], and the August 3, 2015, hearing currently scheduled for argument on that motion is vacated.  These denials are without prejudice in the event the parties are able to negotiate settlement agreements that do not require sealing of the agreements or they intend to attempt to justify the sealing of their proposed settlement agreement with a new motion.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the joint motion to file the confidential settlement agreement under seal **[Doc. 28] and** the joint motion for approval of the settlement agreements **[Doc. 27] are DENIED WITHOUT PREJUDICE**;

IT IS FURTHER ORDERED that **the August 3, 2015, hearing is VACATED**.

Dated this 23rd day of July, 2015.

_____
Jennifer A. Dorsey
United States District Judge