1  Brett C. Bartlett (Ga. Bar No. 040510)
   bbartlett@seyfarth.com
2  Louisa J. Johnson (Ga. Bar No. 391805)
   lojohnson@seyfarth.com
3  SEYFARTH SHAW LLP
   1075 Peachtree St., N.E., Suite 2500
4  Atlanta, Georgia 30309
   Telephone: (404) 885-1500
5  Facsimile: (404) 892-7056

6  LEAD COUNSEL FOR DEFENDANTS

7  Michael C. Mills (Nev. Bar. No. 3534)
   mike@mcmillslaw.com
8  MILLS & ASSOCIATES
   3650 N. Rancho Dr., Ste. 114
9  Las Vegas, Nevada 89130
   Telephone: (702) 240-6060
10 Facsimile: (702) 240-4267

11 LOCAL COUNSEL FOR DEFENDANTS

12 Christian Gabroy, Esq. (#8805)
   GABROY LAW OFFICES
13 The District at Green Valley Ranch
   170 South Green Valley Parkway, Suite 280
14 Henderson, Nevada 89012
   Telephone: (702) 259-7777
15 Facsimile: (702) 259-7704
   CHRISTIAN@GABROY.COM
16
   Leon Greenberg, Esq. (#8094)
17 Leon Greenberg Professional Corporation
   2965 South Jones Boulevard #E-4
18 Las Vegas, NV 89146
   Telephone: (702) 383-5085
19 Facsimile: (702) 385-1827

20 ATTORNEYS FOR PLAINTIFFS

21
                    **UNITED STATES DISTRICT COURT**
22                       **DISTRICT OF NEVADA**

23 RAYMOND COLLINS; LAURA FANKUCHEN;    ) Case No. 2:14-CV-01587-JAD-(VCF)
   BRANDON FERGUSON; BRIAN HANSEN;      )
24 ERIN KURPINSKI; RICHARD MARTINEZ;    ) **JOINT MOTION FOR APPROVAL OF**
   RAYMUNDO NAVEJAR; CAROLINE MEYER;    ) **SETTLEMENT AND DISMISSAL OF**
25 ALLISON POWER; JAY QUENIAHAN; JASON  ) **THE LAWSUIT WITH PREJUDICE**
   RATNER; ESPERANZA RICO; JESSICA      )
26 RODRIGUEZ; STEVEN SMITH; ROSEMARY    )
   VIRAMONTES; NICHOLAS WHEELER; and    )
27 DANA WITHAEGAR,                      )
                                        )
28         Plaintiffs,                  )

|  |  |
|---|---|
| v. | ) |
|  | ) |
| WALGREEN CO. d/b/a WALGREENS; | ) |
| EMPLOYEE(S)/AGENT(S) DOES 1-10; and | ) |
| ROE CORPORATIONS 11-20, inclusive, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**PLEASE TAKE NOTICE THAT** Plaintiffs RAYMOND COLLINS, LAURA FANKUCHEN, BRANDON FERGUSON, BRIAN HANSEN, ERIN KURPINSKI, RICHARD MARTINEZ, RAYMUNDO NAVEJAR, CAROLINE MEYER, ALLISON POWER, JAY QUENIAHAN, JASON RATNER, ESPERANZA RICO, JESSICA RODRIGUEZ, STEVEN SMITH, ROSEMARY VIRAMONTES, NICHOLAS WHEELER, and DANA WITHAEGAR (collectively, "Plaintiffs"), by and through their attorneys, and Defendants WALGREEN CO. d/b/a WALGREENS; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive (collectively, "Defendants"), by their attorneys, hereby jointly move for an order approving the settlement agreement in this action and subsequent dismissal of the participating Plaintiffs' claims in this lawsuit with prejudice.

This Motion is based on the accompanying Memorandum of Points and Authorities, and on such other and further evidence as may be presented at or before any required hearing in this matter.

| | |
|---|---|
| Date:  September 2, 2015 | Date:  September 2, 2015 |

GABROY LAW OFFICES                                           SEYFARTH SHAW LLP

By: s/ Christian Gabroy                                              By: s/ Brett C. Bartlett
Christian Gabroy, Esq. (#8805)                               Brett C. Bartlett (Ga. Bar  No. 040510)
The District at Green Valley Ranch                          bbartlett@seyfarth.com
170 South Green Valley Parkway, Suite 280          Louisa J. Johnson (Ga. Bar  No. 391805)
Henderson, Nevada 89012                                       lojohnson@seyfarth.com
Telephone:  (702) 259-7777                                    1075 Peachtree St., N.E., Suite 2500
Facsimile:  (702) 259-7704                                     Atlanta, Georgia 30309
CHRISTIAN@GABROY.COM                                Telephone:  (404) 885-1500
                                                                                   Facsimile:  (404) 892-7056
Leon Greenberg, Esq. (#8094)
Leon Greenberg Professional Corporation            LEAD COUNSEL FOR DEFENDANTS
2965 South Jones Boulevard #E-4
Las Vegas, NV 89146                                              Michael C. Mills (Nev. Bar. No. 3534)
Telephone:  (702) 383-5085                                    mike@mcmillslaw.com
Facsimile:  (702) 385-1827                                     MILLS & ASSOCIATES
                                                                                   3650 N. Rancho Dr., Ste. 114
                                                                                   Las Vegas, Nevada 89130
ATTORNEYS FOR PLAINTIFFS                         Telephone:  (702) 240-6060
                                                                                   Facsimile:  (702) 240-4267

                                                                                   LOCAL COUNSEL FOR DEFENDANTS

JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF THE LAWSUIT WITH PREJUDICE

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs RAYMOND COLLINS, LAURA FANKUCHEN, BRANDON FERGUSON, BRIAN HANSEN, ERIN KURPINSKI, RICHARD MARTINEZ, RAYMUNDO NAVEJAR, CAROLINE MEYER, ALLISON POWER, JAY QUENIAHAN, JASON RATNER, ESPERANZA RICO, JESSICA RODRIGUEZ, STEVEN SMITH, ROSEMARY VIRAMONTES, NICHOLAS WHEELER, and DANA WITHAEGAR (collectively, "Plaintiffs"), by and through their attorneys, and Defendants WALGREEN CO. d/b/a WALGREENS; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive (collectively, "Defendants"), by and through their attorneys (together with Plaintiffs, the "Parties"), file this joint motion for the Court's approval of their settlement agreements. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982) (requiring court approval of the terms of a settlement under the Fair Labor Standards Act).

Plaintiffs' complaint seeks damages for alleged failure to pay overtime in violation of the FLSA and related claims. Defendants deny any wrongdoing or that they owe Plaintiffs any compensation or associated penalties. However, in order to avoid the burdens, costs, and uncertainty of litigation, the Parties have reached a settlement after extensive arms-length negotiation. The settlement is fair, reasonable and satisfactory to both sides. Namely, Plaintiffs are receiving adequate and reasonable recoveries, and they are only settling their individual claims.

Accordingly, the Parties request that the Court approve their settlement, the terms of which are set forth more fully in the settlement agreements attached in Appendix A.

## STATEMENT OF FACTS

Plaintiffs formerly worked as managers for Walgreen Co. ("Walgreens"). Originally, Plaintiffs were opt-in plaintiffs in an FLSA collective action filed in the Western District of Arkansas on November 15, 2012, *Kunio Teramura, et al v. Walgreen Co.*, Case No. 5:12-cv-05244-JLH ("*Teramura*").[1] The *Teramura* action was eventually decertified by Order of the Court on June 18,

---

[1] On March 7, 2013, Judge Jimm Larry Hendren granted, in part, the *Teramura* plaintiffs' motion for FLSA conditional certification and authorized the *Teramura* plaintiffs to mail a notice of the lawsuit to all executive assistant managers employed by Defendants between November 15, 2012 and March 7, 2013. *See Kunio Teramura, et al v. Walgreen Co.,* Case No. 5:12-cv-05244-JLH, Dkt. 39.

2014. Following decertification of *Teramura*, 549 of the *Teramura* opt-ins (including Plaintiffs) re-filed their claims in 36 district court cases.

Several Plaintiffs filed this action on September 26, 2014. Plaintiffs continued to join the action through October 22, 2014. In both the *Teramura* case and the instant action, Plaintiffs alleged claims arising under the FLSA relating to failure to pay overtime and failure to pay minimum wage due to alleged misclassification of executive assistant managers as exempt employees. Plaintiffs in the instant action have also alleged the similar violations under the Nevada Revised Statute 608.005, *et seq.* ("NRS").

Defendants filed a motion to dismiss Plaintiffs' claims on February 16, 2015, which hearing was stayed pending the Parties' settlement negotiations. In both the *Teramura* case and in the instant action, Defendants denied all allegations and contended Plaintiffs were properly classified as exempt from overtime. Defendants further contend that their actions taken and the decisions they made with respect to Plaintiffs' compensation were done in good-faith.

Now, after actively litigating this action both in *Teramura* and in the action filed in this jurisdiction, the Parties in this case have reached a settlement. Individual settlement agreements were drafted for each of the Plaintiffs in this action, and each of the Plaintiffs has accepted the terms of his or her settlement agreement.

The Parties, through this Motion, now seek approval of the Parties' settlement agreements, attached in Appendix A, and dismissal of their claims in this action with prejudice.

## LEGAL ANALYSIS

**I.      The Court Is Authorized To Approve The Settlement.**

Some courts have held that to ensure that an employer is relieved of liability in the context of a negotiated FLSA settlement agreement, the agreement must either be supervised by the Secretary of Labor or be approved by the District Court. *See, e.g., Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007) (citing *Lynn's Food*, 679 F.2d at 1352-55).

When an employee brings a private action for back wages pursuant to the FLSA, and thereafter presents to the Court a proposed settlement, the court is advised to review the settlement for fairness.

*Lynn's Food*, 679 F.2d at 1353.  If the settlement reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," a court should approve it in order to promote the policy of encouraging settlement over protracted litigation.  *Id.* at 1354.  The Court's role in reviewing "what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  This requires a balancing of factors that may include, among others, some or all of the following:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).  The degree of importance attached to each factor is determined by the nature of the claims, the type of relief sought, and the facts and circumstances of each case. *See Officers for Justice*, 688 F.2d at 625.

**II.     The Court Should Approve The Parties' Settlement Agreements Because They Are Fair and Reasonable.**

Here, Plaintiffs pleaded claims under the FLSA and the NRS. The Parties have agreed to settle the Plaintiffs' individual claims, as set forth more fully in the settlement agreements attached in Appendix A, and there are no class claims in this action.

The settlement agreements represent a fair and equitable resolution of this matter.  The Parties agree that the terms of the settlement agreements will bestow substantial benefits to Plaintiffs, especially in light of the uncertainty regarding Plaintiffs' recovery.  Liability was a contested issue, with Defendants strongly disputing Plaintiffs' arguments that they were misclassified as exempt employees.

Further, the settlement is fair and reasonable given the substantial risk of further litigation. "The expense and possible duration of the litigation should be considered in evaluating the reasonableness of

[a] settlement." *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  The Parties had significant legal and factual disputes, which were hotly contested.  There is genuine dispute as to whether Defendants misclassified Plaintiffs.  The Parties also dispute whether Plaintiffs worked in excess of forty hours per week, how, in the event Plaintiffs prevailed on liability, any damages should be calculated, and whether the alleged violation was willful.

Further, the settlement agreements are fair and reasonable because the amount offered in settlement is reasonable, as set forth in the confidential settlement agreements attached hereto.

Finally, the settlement agreements are fair and reasonable given that at all times Plaintiffs have been adequately represented by counsel with significant experience in wage and hour litigation, and there are no class claims in this litigation.  The Parties engaged in meaningful discovery and continued negotiations over the course of several months.

## III.     The Settlement Terms.

Because of the risks facing all Parties in continuing to litigate this dispute, the Parties have agreed to settle Plaintiffs' individual claims, including those claims under the FLSA, on the following terms, including but not limited to:

1.     Defendants' agreement to pay Plaintiffs settlement amounts as described in the confidential settlement agreements attached hereto.  The settlement amounts include, without limitation, payment to Plaintiffs for alleged lost wages, including alleged overtime work, performed in any day (if applicable) and/or in any workweek, and related claims.  The settlement amounts also include payment of attorneys' fees and costs.

2.     Defendants' denial of liability or wrongdoing under the FLSA, any state statute, and all other applicable law.

3.     Plaintiffs' and Defendants' agreement to dismiss Plaintiffs' individual claims with prejudice.

Accordingly, the terms are fair and reasonable.

# **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court find that the settlements represent fair and equitable resolutions of this action and enter the proposed Order Granting Joint Motion to Approve Settlement Agreements, filed concurrently herewith.

Date:  September 2, 2015                                                    Date:  September 2, 2015

GABROY LAW OFFICES                                                     SEYFARTH SHAW LLP


By: s/ Christian Gabroy                                                        By: s/ Brett C. Bartlett
Christian Gabroy, Esq. (#8805)                                         Brett C. Bartlett (Ga. Bar  No. 040510)
The District at Green Valley Ranch                                   bbartlett@seyfarth.com
170 South Green Valley Parkway, Suite 280                   Louisa J. Johnson (Ga. Bar  No. 391805)
Henderson, Nevada 89012                                                lojohnson@seyfarth.com
Telephone:  (702) 259-7777                                              1075 Peachtree St., N.E., Suite 2500
Facsimile:   (702) 259-7704                                               Atlanta, Georgia 30309
CHRISTIAN@GABROY.COM                                         Telephone:  (404) 885-1500
                                                                                              Facsimile:  (404) 892-7056
Leon Greenberg, Esq. (#8094)
Leon Greenberg Professional Corporation                     LEAD COUNSEL FOR DEFENDANTS
2965 South Jones Boulevard #E-4
Las Vegas, NV 89146                                                        Michael C. Mills (Nev. Bar. No. 3534)
Telephone:  (702) 383-5085                                              mike@mcmillslaw.com
Facsimile:   (702) 385-1827                                               MILLS & ASSOCIATES
                                                                                              3650 N. Rancho Dr., Ste. 114
                                                                                              Las Vegas, Nevada 89130
ATTORNEYS FOR PLAINTIFFS                                     Telephone:  (702) 240-6060
                                                                                              Facsimile:  (702) 240-4267


                                                                                              LOCAL COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of September, 2015, a copy of the foregoing **Joint Motion For Approval Of Settlement And Dismissal Of The Lawsuit With Prejudice** was filed electronically through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

                                                s/ Brett C. Bartlett
                                                One of the Attorneys for Defendants