1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

RAYMOND COLLINS; LAURA FANKUCHEN;
BRANDON FERGUSON; BRIAN HANSEN;
ERIN KURPINSKI; RICHARD MARTINEZ;
RAYMUNDO NAVEJAR; CAROLINE MEYER;
ALLISON POWER; JAY QUENIAHAN; JASON
RATNER; ESPERANZA RICO; JESSICA
RODRIGUEZ; STEVEN SMITH; ROSEMARY
VIRAMONTES; NICHOLAS WHEELER; and
DANA WITHAEGAR,

       Plaintiffs,

v.

WALGREEN CO. d/b/a WALGREENS;
EMPLOYEE(S)/AGENT(S) DOES 1-10; and
ROE CORPORATIONS 11-20, inclusive,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:14-CV-01587-JAD-(VCF)

**APPENDIX A - EXECUTED
SETTLEMENT AGREEMENTS**

| Page | Agreement |
|------|-----------|
| 1 | Raymond Collins Settlement Agreement |
| 2 | Laura Fankuchen Settlement Agreement |
| 10 | Brandon Ferguson Settlement Agreement |
| 17 | Brian Hansen Settlement Agreement |
| 25 | Erin Kurpinski Settlement Agreement |
| 33 | Richard Martinez Settlement Agreement |
| 40 | Caroline Meyer Settlement Agreement |
| 47 | Raymundo Navejar Settlement Agreement |
| 55 | Jay Queniahan Settlement Agreement |
| 63 | Jason Ratner Settlement Agreement |
| 71 | Esperanza Rico Settlement Agreement |
| 78 | Allison Rodriguez Settlement Agreement |
| 86 | Jessica Rodriguez Settlement Agreement |
| 94 | Steven Smith Settlement Agreement |
| 102 | Rosemary Viramontes Settlement Agreement |
| 110 | Nicholas Wheeler Settlement Agreement |
| 117 | Dana Whithaegar Settlement Agreement |

CONFIDENTIAL

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Laura Fankuchen, as well as Fankuchen's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff").  Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.     **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice.  To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available.  Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.     **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

3.      **General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

(a)      violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(b)      violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

(c)      engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

(d)      failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

(e)      retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

**4.    Covenant Not To Sue.**  Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2 -3, except that Plaintiff may bring a claim to enforce this Agreement or under the ADEA to challenge this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claims covered by the waivers and releases in Paragraphs 2 -3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff.  Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

**5.    Rights And Claims Excluded From Waivers And Releases.**  This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff does not waive any right to file any claim for unemployment benefits and does  not waive any right under the Nevada Workers' Compensation Act.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

**6.    Non-Admission of Liability.**  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

**7.    Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Four Thousand Six Hundred Thirty-Eight Dollars and Twenty-Five Cents

($4,638.25) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice. The total settlement amount shall be allocated as follows:

      **(a)**    The sum of Two Thousand Three Hundred Nineteen Dollars and Thirteen Cents ($2,319.13), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages. Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

      **(b)**    The sum of Two Thousand Three Hundred Nineteen Dollars and Thirteen Cents ($2,319.13) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages. Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

      **(c)**    The sum of Three Hundred Four Hundred Fourteen Dollars and Twenty-Nine Cents ($3,414.29) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses. Walgreens will issue a Form 1099 to Plaintiff for this payment. It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit. Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit. Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7. Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff. Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

      **8.**    **Nondisparagement.** Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens. However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

      **9.**    **No Rehire.** Plaintiff agrees that (i) she will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if she applies for a

position either directly as an employee, as an independent contractor, or through a third party and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

10.   **Neutral Reference.**  In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

11.   **Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

(a)   that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

(b)   that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

(c)   that Plaintiff has been given at least twenty-one (21) days to consider this Agreement;

(d)   that, for a period of seven (7) days following the execution of this Agreement,  Plaintiff may revoke Plaintiff's waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  In the event of such a revocation, Plaintiff's entitlement to the consideration described in Paragraph 7 will be reduced by ten percent (10%);

(e)   that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

(f)   that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(g)   that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

12.   **Confidentiality And Agreement Not To Publicize.**

5

**(a)**      Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

**(b)**      In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

**(c)**      In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) business days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

**(d)**      Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

6

**13.**     **No Waiver By Inaction.**  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

**14.**     **Miscellaneous.**

      **(a)**     **Continuing Jurisdiction.**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

      **(b)**     **Dispute Resolution.**  The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

      **(c)**     **Construction.**  The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

      **(d)**     **Choice of Law.**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

      **(e)**     **Extension of Time.**  The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

      **(f)**     **Counterparts.**  This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

      **(g)**     **Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements.  With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

      **(h)**     **Severability.**  Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum

Appendix A - 008

extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

PLAINTIFF

Printed Name: Laura Faskucher

Signature: Laura Faskucher

Date: 5/15/2015

WALGREEN CO.

By: Michael M. Hernandez

Title: Senior Counsel

Date: August 31, 2015

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Brandon Ferguson, as well as Ferguson's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff").  Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.     **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice.  To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available.  Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.     **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

3. **General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

        **(a)**     violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

        **(b)**     violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

        **(c)**     engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

        **(d)**     failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

        **(e)**     retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

2

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4.      **Covenant Not To Sue.**  Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2-3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff.  Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

5.      **Rights And Claims Excluded From Waivers And Releases.**  This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff does not waive any right to file any claim for unemployment benefits and does  not waive any right under the Nevada Workers' Compensation Act.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

6.      **Non-Admission of Liability.**  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

7.      **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Five Thousand Nine Hundred Thirty-Four Dollars and Eighty-Six Cents

($5,934.86) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice. The total settlement amount shall be allocated as follows:

      **(a)**     The sum of Two Thousand Nine Hundred Sixty-Seven Dollars and Forty-Three Cents ($2,967.43), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages. Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

      **(b)**     The sum of Two Thousand Nine Hundred Sixty-Seven Dollars and Forty-Three Cents ($2,967.43) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages. Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

      **(c)**     The sum of Four Thousand Three Hundred Sixty-Eight Dollars and Seventy-Five Cents ($4,368.75) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses. Walgreens will issue a Form 1099 to Plaintiff for this payment. It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit. Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit. Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7. Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff. Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

      **8.**     **Nondisparagement.**  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens. However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

      **9.**     **Other Agreements By Plaintiff.**  Plaintiff also agrees to all of the following:

      **(a)**     that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

4

       **(b)**    that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

       **(c)**    that Plaintiff has been given a reasonable amount of time  to consider this Agreement;

       **(d)**    that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

       **(e)**    that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

       **(f)**    that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

    **10.**    <u>**Confidentiality And Agreement Not To Publicize.**</u>

       **(a)**    Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

       **(b)**    In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

       **(c)**    In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) <u>business</u> days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully

with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 10 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

        **(d)**    Plaintiff acknowledges and agrees that a breach of this Paragraph 10 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 10, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

    **11.**    <u>No Waiver By Inaction.</u>  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

    **12.**    <u>Miscellaneous.</u>

        **(a)**    **Continuing Jurisdiction.**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

        **(b)**    **Dispute Resolution.**  The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

        **(c)**    **Construction.**  The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter.  Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

        **(d)**    **Choice of Law.**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

(e)     **Extension of Time.**  The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

(f)     **Counterparts.**  This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g)     **Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements.  With the exception of extensions of time as described in Paragraph 12, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

(h)     **Severability.**  Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**

Printed Name: Brandon Ferguson

Signature:

Date: 5/15/15

**WALGREEN CO.**

By:   Michael M. Hernandez

Title:  Senior Counsel

Date:  August 31, 2015

7

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Brian Hansen, as well as Hansen's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff"). Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.   **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice.  To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available.  Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.   **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

3. **General Waivers And Releases.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

(a)     violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(b)     violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

(c)     engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

(d)     failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

(e)     retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

2

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

      4.    <u>Covenant Not To Sue.</u>  Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2-3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff.  Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

      5.    <u>Rights And Claims Excluded From Waivers And Releases.</u>  This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff does not waive any right to file any claim for unemployment benefits and does not waive any right under the Nevada Workers' Compensation Act.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

      6.    <u>Non-Admission of Liability.</u>  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

      7.    <u>Consideration.</u>  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of One Thousand Five Hundred Thirty-Two Dollars and Eighty-One Cents

3

($1,532.81) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice.  The total settlement amount shall be allocated as follows:

       **(a)**      The sum of Seven Hundred Sixty-Six Dollars and Forty-One Cents ($766.41), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages.  Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

       **(b)**      The sum of Seven Hundred Sixty-Six Dollars and Forty-One Cents ($766.41) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages.  Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

       **(c)**      The sum of Thousand One Hundred Twenty-Eight Dollars and Thirty-Three Cents ($1,128.33) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses.  Walgreens will issue a Form 1099 to Plaintiff for this payment.  It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit.  Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit.   Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7.  Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff.  Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

       **8.**     **Nondisparagement.**  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens.  However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

       **9.**     **No Rehire.**  Plaintiff agrees that (i) he will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if he applies for a

position either directly as an employee, as an independent contractor, or through a third party and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

**10.** **Neutral Reference.** In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

**11.** **Other Agreements By Plaintiff.** Plaintiff also agrees to all of the following:

**(a)** that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

**(b)** that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

**(c)** that Plaintiff has been given a reasonable amount of time to consider this Agreement;

**(d)** that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

**(e)** that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

**(f)** that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

**12.** **Confidentiality And Agreement Not To Publicize.**

**(a)** Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it. This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement

Appendix A - 021

or demonstrate a breach of this Agreement, or as required by law. For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

      **(b)**     In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment. Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

      **(c)**     In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) business days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure. Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure. This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media. Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

      **(d)**     Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction. Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

      **13.**    **No Waiver By Inaction.**  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

      **14.**    **Miscellaneous.**

6

(a)     **Continuing Jurisdiction.**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

(b)     **Dispute Resolution.**  The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

(c)     **Construction.**  The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d)     **Choice of Law.**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

(e)     **Extension of Time.**  The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

(f)     **Counterparts.**  This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g)     **Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements.  With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

(h)     **Severability.**  Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

Appendix A - 023

**PLAINTIFF**

Printed Name: _Brian Hansen_

Signature: _Brian Hansen_

Date: _5/19/2015_

**WALGREEN CO.**

By: _Michael M. Hernandez_

Title: _Senior Counsel_

Date: _August 31, 2015_

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Erin Kurpinski, as well as Kurpinski's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff").  Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.      **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice.  To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available.  Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.      **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

**3.    General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

(a)    violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(b)    violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

(c)    engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

(d)    failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

(e)    retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

2

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4.      **Covenant Not To Sue.**  Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2-3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff.  Alternatively, if Plaintiff s violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

5.      **Rights And Claims Excluded From Waivers And Releases.**  This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff does not waive any right to file any claim for unemployment benefits and does  not waive any right under the Nevada Workers' Compensation Act.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

6.      **Non-Admission of Liability.**  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

7.      **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of One Thousand Ninety Dollars and Twenty-One Cents ($1,090.21) within

3

thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice.  The total settlement amount shall be allocated as follows:

> **(a)**     The sum of Five Hundred Forty-Five Dollars and Eleven Cents ($545.11), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages.  Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

> **(b)**     The sum of Five Hundred Forty-Five Dollars and Eleven Cents ($545.11) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages.  Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

> **(c)**     The sum of Eight Hundred Two Dollars and Fifty-Two Cents ($802.52) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses.  Walgreens will issue a Form 1099 to Plaintiff  for this payment.  It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit.  Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit.  Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7.  Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff.  Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

> **8.**     **Nondisparagement.**  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens.  However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

> **9.**     **No Rehire.**  Plaintiff agrees that (i) she will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if she applies for a position either directly as an employee, as an independent contractor, or through a third party

and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

**10.    Neutral Reference.**  In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

**11.    Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

**(a)**    that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

**(b)**    that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

**(c)**    that Plaintiff has been given a reasonable amount of time to consider this Agreement;

**(d)**    that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

**(e)**    that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

**(f)**    that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

**12.    Confidentiality And Agreement Not To Publicize.**

**(a)**    Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall

5

not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

**(b)**    In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

**(c)**    In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) business days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

**(d)**    Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

**13.**    **No Waiver By Inaction.**  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

**14.**    **Miscellaneous.**

**(a)      Continuing Jurisdiction.**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

**(b)      Dispute Resolution.**  The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

**(c)      Construction.**  The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

**(d)      Choice of Law.**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

**(e)      Extension of Time.**  The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**(f)      Counterparts.**  This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

**(g)      Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements.  With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

**(h)      Severability.**  Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**

Printed Name: _Erin Kurpinski_

Signature: _Ce Kuppu_

Date: _5·20·15_

**WALGREEN CO.**

By: _Michael M. Hernandez_

Title: _Senior Counsel_

Date: _August 31, 2015_

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Richard Martinez, as well as Martinez's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff"). Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

**1. Dismissal of the Lawsuit.** Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice. To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available. Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

**2. Specific Waiver And Release of All Claims.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit

**3. General Waivers And Releases.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

(a) violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(b) violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

(c) engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

(d) failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

(e) retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status, parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

**4. Covenant Not To Sue.** Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement. Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in

Paragraphs 2-4 against any or all of the Released Parties. If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff. Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

      **5. Rights And Claims Excluded From Waivers And Releases.** This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding. Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation. Plaintiff does not waive any right to file any claim for unemployment benefits and does not waive any right under the Nevada Workers' Compensation Act. Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

      **6. Non-Admission of Liability.** This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens. Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

      **7. Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Four Thousand Six Hundred Eighty-Three Dollars and Thirty-One Cents ($4,683.31) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice. The total settlement amount shall be allocated as follows:

      **(a)** The sum of Two Thousand Three Hundred Forty-One Dollars and Sixty-Six Cents ($2,341.66), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages. Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

      **(b)** The sum of Two Thousand Three Hundred Forty-One Dollars and Sixty-Six Cents ($2,341.66) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages. Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

      **(c)** The sum of Three Thousand Four Hundred Forty-Seven Dollars and Forty-Six Cents ($3,447.46) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses. Walgreens will issue a Form 1099 to Plaintiff for this payment. It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit. Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit. Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7. Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff. Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

**8. Nondisparagement.** Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens. However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

**9. No Rehire.** Plaintiff agrees that (i) he will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if he applies for a position either directly as an employee, as an independent contractor, or through a third party and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

**10. Neutral Reference.** In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

**11. Other Agreements By Plaintiff.** Plaintiff also agrees to all of the following:

**(a)** that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

**(b)** that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

**(c)** that Plaintiff has been given a reasonable amount of time to consider this Agreement;

**(d)** that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

**(e)** that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

**(f)** that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

Appendix A - 036

**(a)** Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it. This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law. For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

**(b)** In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment. Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

**(c)** In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) <u>business</u> days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure. Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure. This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media. Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

**(d)** Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction. Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

**13. <u>No Waiver By Inaction. The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.</u>**

**14. <u>Miscellaneous.</u>**

**(a) Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

**(b) Dispute Resolution.** The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

**(c) Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

**(d) Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

**(e) Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**(f) Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

**(g) Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements. With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

**(h) Severability.** Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

PLAINTIFF

Printed
Name: Richard Martinez

Signature:
Date:

5/16/15

WALGREEN CO.

By: Michael M. Hernandez

Title: Senior Counsel

Date: August 31, 2015

2

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Caroline Meyer, as well as Meyer's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff"). Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.,* Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

**1. Dismissal of the Lawsuit.** Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice. To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available. Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

**2. Specific Waiver And Release of All Claims.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted Appendix A - 040

Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

**3. General Waivers And Releases.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

(a) violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(b) violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

(c) engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

(d) failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

(e) retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status, parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

**4. Covenant Not To Sue.** Plaintiff agrees not to sue any or all of the Released Parties in

any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement. Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2-3 against any or all of the Released Parties. If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff. Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

   5. **Rights And Claims Excluded From Waivers And Releases.** This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding. Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation. Plaintiff does not waive any right to file any claim for unemployment benefits and does  not waive any right under the Nevada Workers' Compensation Act. Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

   6. **Non-Admission of Liability.** This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens. Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

   7. **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Five Hundred Thirty-Five Dollars and Thirty-Seven Cents ($535.37) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice. The total settlement amount shall be allocated as follows:

   **(a)** The sum of Two Hundred Sixty-Seven Dollars and Sixty-Nine Cents ($267.69), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages. Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

   **(b)** The sum of Two Hundred Sixty-Seven Dollars and Sixty-Nine Cents ($267.69) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages. Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

   **(c)** The sum of Three Hundred Ninety-Four Dollars and Nine Cents ($394.09) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses. Walgreens will issue a Form 1099 to Plaintiff for this payment. It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit. Accordingly, this payment may be combined with other payments in a single check to

Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit. Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7. Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff. Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

**8. Nondisparagement.** Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens. However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding

**9. No Rehire.** Plaintiff agrees that (i) she will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if she applies for a position either directly as an employee, as an independent contractor, or through a third party and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

**10. Neutral Reference.** In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

**11. Other Agreements By Plaintiff.** Plaintiff also agrees to all of the following:

(a) that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

(b) that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

(c) that Plaintiff has been given a reasonable amount of time to consider this Agreement;

(d) that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

(e) that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(f) that Plaintiff shall not voluntarily assist, aid, encourage, or coope

other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

**12. Confidentiality And Agreement Not To Publicize.**

       **(a)** Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it. This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law. For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

       **(b)** In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment. Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

       **(c)** In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) business days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure. Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure. This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media. Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

       **(d)** Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction. Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

**13. No Waiver By Inaction. The failure of the Parties, or either of them, to insist**

**upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.**

14. **Miscellaneous.**

(a) **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

(b) **Dispute Resolution.** The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

(c) **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d) **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

(e) **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

(f) **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g) **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements. With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

(h) **Severability.** Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**

Printed
Name:   Caroline M. Meyer.

Signature: Caroline M Meyer
Date:   5/19/2015

**WALGREEN CO.**

By:   Michael M. Hernandez

Title:   Senior Counsel

Date:   August 31, 2015

3

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Raymundo Navejar, as well as Navejar's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff").  Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.      **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice.  To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available.  Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.      **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

3. **General Waivers And Releases.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

      **(a)** violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

      **(b)** violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

      **(c)** engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

      **(d)** failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

      **(e)** retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

2

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4.   **Covenant Not To Sue.**   Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement. Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2-3 against any or all of the Released Parties. If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending in any lawsuit or proceeding initiated or joined by Plaintiff. Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

5.   **Rights And Claims Excluded From Waivers And Releases.**   This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding. Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation. Plaintiff does not waive any right to file any claim for unemployment benefits and does not waive any right under the Nevada Workers' Compensation Act. Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

6.   **Non-Admission of Liability.**   This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens. Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

7.   **Consideration.**   In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Nine Hundred Sixty-Seven Dollars and Fifty-Eight Cents ($967.58) within

3

thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice. The total settlement amount shall be allocated as follows:

      **(a)**     The sum of Four Hundred Eighty-Three Dollars and Seventy-Nine Cents ($483.79), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages. Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

      **(b)**     The sum of Four Hundred Eighty-Three Dollars and Seventy-Nine Cents ($483.79) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages. Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

      **(c)**     The sum of Seven Hundred Twelve Dollars and Twenty-Five Cents ($712.25) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses. Walgreens will issue a Form 1099 to Plaintiff for this payment. It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit. Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit. Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7. Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff. Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

      **8.**     <u>**Nondisparagement.**</u>  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens. However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

      **9.**     <u>**No Rehire.**</u>  Plaintiff agrees that (i) he will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if he applies for a

position either directly as an employee, as an independent contractor, or through a third party and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

      **10.**    **Neutral Reference.**  In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

      **11.**    **Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

        **(a)**    that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

        **(b)**    that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

        **(c)**    that Plaintiff has been given a reasonable amount of time to consider this Agreement;

        **(d)**    that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

        **(e)**    that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

        **(f)**    that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

      **12.**    **Confidentiality And Agreement Not To Publicize.**

        **(a)**    Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement

5

or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

(b)     In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

(c)     In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) business days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

(d)     Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

**13.     No Waiver By Inaction.**  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

**14.     Miscellaneous.**

(a) **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

(b) **Dispute Resolution.** The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

(c) **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d) **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

(e) **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

(f) **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g) **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements. With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

(h) **Severability.** Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

7

PLAINTIFF

Printed Name: Raymondo Navejar.

Signature:

Date: 5|19|15

WALGREEN CO.

By: Michael M. Hernandez

Title: Senior Counsel

Date: August 31, 2015

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Jay Queniahan, as well as Queniahan's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff"). Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.     **Dismissal of the Lawsuit.** Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice. To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available. Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.     **Specific Waiver And Release Of All Claims.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

**3.** **General Waivers And Releases.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

**(a)** violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

**(b)** violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

**(c)** engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

**(d)** failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

**(e)** retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

2

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

   4.   **Covenant Not To Sue.**  Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2 -3, except that Plaintiff may bring a claim to enforce this Agreement or under the ADEA to challenge this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2 -3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff.  Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

   5.   **Rights And Claims Excluded From Waivers And Releases.**  This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff does not waive any right to file any claim for unemployment benefits and does not waive any right under the Nevada Workers' Compensation Act.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

   6.   **Non-Admission of Liability.**  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

   7.   **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Six Thousand Seven Hundred Sixteen Dollars and No Cents ($6,716.00)

within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice.  The total settlement amount shall be allocated as follows:

     **(a)**    The sum of Three Thousand Three Hundred Fifty-Eight Dollars and No Cents ($3,358.00), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages.  Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

     **(b)**    The sum of Three Thousand Three Hundred Fifty-Eight Dollars and No Cents ($3,358.00) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages.  Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

     **(c)**    The sum of Four Thousand Nine Hundred Forty-Three Dollars and Seventy-Six Cents ($4,943.76) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses.  Walgreens will issue a Form 1099 to Plaintiff for this payment.  It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit.  Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit.  Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7.  Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff.  Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

     **8.**    **Nondisparagement.**  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens.  However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

     **9.**    **Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

     **(a)**    that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

4

(b)     that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

(c)     that Plaintiff has been given at least twenty-one (21) days to consider this Agreement;

(d)     that, for a period of seven (7) days following the execution of this Agreement, Plaintiff may revoke Plaintiff's waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. In the event of such a revocation, Plaintiff's entitlement to the consideration described in Paragraph 7 will be reduced by ten percent (10%);

(e)     that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

(f)     that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(g)     that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

10.     **Confidentiality And Agreement Not To Publicize.**

(a)     Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it. This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law. For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

(b)     In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment. Moreover, this

5

provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

        **(c)**     In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) <u>business</u> days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure. Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure. This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media. Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 10 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

        **(d)**     Plaintiff acknowledges and agrees that a breach of this Paragraph 10 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 10, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction. Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

    **11.**    <u>**No Waiver By Inaction.**</u>  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

    **12.**    <u>**Miscellaneous.**</u>

        **(a)**     **Continuing Jurisdiction.**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

        **(b)**     **Dispute Resolution.**  The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

6

**(c)     Construction.**  The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

**(d)     Choice of Law.**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

**(e)     Extension of Time.**  The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**(f)     Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

**(g)     Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements.  With the exception of extensions of time as described in Paragraph 12, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

**(h)     Severability.**  Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**                                          **WALGREEN CO.**

Printed Name: _JAY S. QUENIAth_          _[signature]_

7

Signature: _____

Date: _____

By: __Michael M. Hernandez_____

Title: __Senior Counsel_____

Date: __August 31, 2015_____

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Jason Ratner, as well as Ratner's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff").  Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.  **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice.  To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available.  Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.  **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

       **3.**    **General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

       **(a)**    violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

       **(b)**    violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

       **(c)**    engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

       **(d)**    failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

       **(e)**    retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4.    **Covenant Not To Sue.**  Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2-3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff.  Alternatively, if Plaintiff sues the Released Parties, other than to enforce this Agreement, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

5.    **Rights And Claims Excluded From Waivers And Releases.**  This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff does not waive any right to file any claim for unemployment benefits and does  not waive any right under the Nevada Workers' Compensation Act.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

6.    **Non-Admission of Liability.**  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

7.    **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) within

thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice. The total settlement amount shall be allocated as follows:

      **(a)** The sum of Three Thousand Seven Hundred Fifty Dollars and No Cents ($3,750.00), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages. Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

      **(b)** The sum of Three Thousand Seven Hundred Fifty Dollars and No Cents ($3,750.00) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages. Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

      **(c)** The sum of Five Thousand Five Hundred Twenty Dollars and Eighty-Seven Cents ($5,520.87) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses. Walgreens will issue a Form 1099 to Plaintiff for this payment. It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit. Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit. Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7. Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff. Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

      **8.** **Nondisparagement.** Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens. However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

      **9.** **No Rehire.** Plaintiff agrees that (i) he will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if he applies for a

4

position either directly as an employee, as an independent contractor, or through a third party and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

10.     **Neutral Reference.**  In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

11.     **Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

**(a)**     that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

**(b)**     that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

**(c)**     that Plaintiff has been given a reasonable amount of time to consider this Agreement;

**(d)**     that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

**(e)**     that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

**(f)**     that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

12.     **Confidentiality And Agreement Not To Publicize.**

**(a)**     Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement

5

or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

        **(b)**    In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

        **(c)**    In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) <u>business</u> days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

        **(d)**    Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

      **13.**    <u>**No Waiver By Inaction.**</u>  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

      **14.**    <u>**Miscellaneous.**</u>

(a)     **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

(b)     **Dispute Resolution.** The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

(c)     **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d)     **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

(e)     **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

(f)     **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g)     **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements. With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

(h)     **Severability.** Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

Appendix A - 069

**PLAINTIFF**

Printed Name: Jason H Bartow

Signature: _____

Date: _____ 5 - 14 - 15

**WALGREEN CO.**

By: Michael M. Hernandez

Title: Senior Counsel

Date: August 31, 2015

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Esperanza Rico, as well as Rico's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff"). Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.   **Dismissal of the Lawsuit.** Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice. To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available. Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.   **Specific Waiver And Release of All Claims.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

      **3.**    <ins>**General Waivers And Releases.**</ins>  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

      **(a)**    violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

      **(b)**    violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

      **(c)**    engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

      **(d)**    failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

      **(e)**    retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

2

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4.      **Covenant Not To Sue.** Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2 -3, except that Plaintiff may bring a claim to enforce this Agreement or under the ADEA to challenge this Agreement. Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2 -3 against any or all of the Released Parties. If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff. Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

5.      **Rights And Claims Excluded From Waivers And Releases.** This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding. Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation. Plaintiff does not waive any right to file any claim for unemployment benefits and does not waive any right under the Nevada Workers' Compensation Act. Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

6.      **Non-Admission of Liability.** This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens. Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

7.      **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Three Thousand Five Hundred Thirty-Four Dollars and Ninety-Six Cents

3

($3,534.96) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice.  The total settlement amount shall be allocated as follows:

        **(a)**    The sum of One Thousand Seven Hundred Sixty-Seven Dollars and Forty-Eight Cents ($1,767.48), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages.  Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

        **(b)**    The sum of One Thousand Seven Hundred Sixty-Seven Dollars and Forty-Eight Cents ($1,767.48) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages.  Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

        **(c)**    The sum of Two Thousand Six Hundred Two Dollars and Fourteen Cents ($2,602.14) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses.  Walgreens will issue a Form 1099 to Plaintiff for this payment.  It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit.  Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit.   Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7.  Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff.  Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

        **8.**    **Nondisparagement.**  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens.  However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

        **9.**    **Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

        **(a)**    that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

4

(b)      that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

(c)      that Plaintiff has been given at least twenty-one (21) days to consider this Agreement;

(d)      that, for a period of seven (7) days following the execution of this Agreement,  Plaintiff may revoke Plaintiff's waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  In the event of such a revocation, Plaintiff's entitlement to the consideration described in Paragraph 7 will be reduced by ten percent (10%);

(e)      that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

(f)      that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(g)      that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

10.    **Confidentiality And Agreement Not To Publicize.**

(a)      Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

(b)      In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this

5

provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

       **(c)**     In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) <u>business</u> days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure. Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure. This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media. Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 10 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

       **(d)**     Plaintiff acknowledges and agrees that a breach of this Paragraph 10 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 10, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction. Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

     **11.**    <u>**No Waiver By Inaction.**</u>  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

     **12.**    <u>**Miscellaneous.**</u>

       **(a)**     **Continuing Jurisdiction.**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

       **(b)**     **Dispute Resolution.**  The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

Appendix A - 076

(c)     **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d)     **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

(e)     **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

(f)     **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g)     **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements. With the exception of extensions of time as described in Paragraph 12, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

(h)     **Severability.** Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**

Printed Name: _Esperanza V. Rico_

Signature: _Esperanza V. Rico_

Date: _5/19/2015_

**WALGREEN CO.**

By: _Michael M. Hernandez_

Title: _Senior Counsel_

Date: _August 31, 2015_

7

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Allison Rodriguez, as well as Rodriguez's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff"). Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1. **Dismissal of the Lawsuit.** Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice. To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available. Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2. **Specific Waiver And Release of All Claims.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

       3.    **General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

       (a)    violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

       (b)    violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

       (c)    engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

       (d)    failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

       (e)    retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

2

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

   **4.**  **Covenant Not To Sue.** Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2-3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding joined or initiated by Plaintiff.  Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

   **5.**  **Rights And Claims Excluded From Waivers And Releases.** This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff does not waive any right to file any claim for unemployment benefits and does  not waive any right under the Nevada Workers' Compensation Act.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

   **6.**  **Non-Admission of Liability.** This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

   **7.**  **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) within

thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice. The total settlement amount shall be allocated as follows:

(a)     The sum of Three Thousand Seven Hundred Fifty Dollars and No Cents ($3,750.00), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages. Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

(b)     The sum of Three Thousand Seven Hundred Fifty Dollars and No Cents ($3,750.00) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages. Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

(c)     The sum of Five Thousand Five Hundred Twenty Dollars and Eighty-Seven Cents ($5,520.87) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses. Walgreens will issue a Form 1099 to Plaintiff for this payment. It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit. Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit. Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7. Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff. Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

**8.    Nondisparagement.** Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens. However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

**9.    No Rehire.** Plaintiff agrees that (i) she will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if she applies for a

position either directly as an employee, as an independent contractor, or through a third party and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

      10.    **Neutral Reference.**  In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

      11.    **Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

          **(a)**    that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

          **(b)**    that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

          **(c)**    that Plaintiff has been given a reasonable amount of time to consider this Agreement;

          **(d)**    that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

          **(e)**    that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

          **(f)**    that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

      12.    **Confidentiality And Agreement Not To Publicize.**

          **(a)**    Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement

or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

      **(b)**     In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

      **(c)**     In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) <u>business</u> days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

      **(d)**     Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

      **13.**    <u>**No Waiver By Inaction.**</u>  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

      **14.**    <u>**Miscellaneous.**</u>

Appendix A - 083

       **(a)**    **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

       **(b)**    **Dispute Resolution.** The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

       **(c)**    **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

       **(d)**    **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

       **(e)**    **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

       **(f)**    **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

       **(g)**    **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements. With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

       **(h)**    **Severability.** Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**

Printed Name: Allison Power

Signature: _(signature)_

Date: 5/20/15

Allison Rodriguez married to
Brett Power, now as Allison Power

**WALGREEN CO.**

By: _Michael M. Hernandez_

Title: _Senior Counsel_

Date: _August 31, 2015_

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Jessica Rodriguez, as well as Rodriguez's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff").  Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.      **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice.  To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available.  Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.      **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

3.   **General Waivers And Releases.**   In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

(a)   violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(b)   violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

(c)   engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

(d)   failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

(e)   retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

2

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4.      **Covenant Not To Sue.** Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement. Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2-3 against any or all of the Released Parties. If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff. Alternatively, if Plaintiff violates this Paragraph 4,, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

5.      **Rights And Claims Excluded From Waivers And Releases.** This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding. Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation. Plaintiff does not waive any right to file any claim for unemployment benefits and does not waive any right under the Nevada Workers' Compensation Act. Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

6.      **Non-Admission of Liability.** This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens. Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

7.      **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Three Thousand Two Hundred Twenty-Four Dollars and No Cents

3

($3,224.00) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice.  The total settlement amount shall be allocated as follows:

**(a)**     The sum of One Thousand Six Hundred Twelve Dollars and No Cents ($1,612.00), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages.  Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

**(b)**     The sum of One Thousand Six Hundred Twelve Dollars and No Cents ($1,612.00) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages.  Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

**(c)**     The sum of Two Thousand Three Hundred Seventy-Three Dollars and Twenty-Four Cents ($2,373.24) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses.  Walgreens will issue a Form 1099 to Plaintiff for this payment.  It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit.  Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses.  Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7.  Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff.  Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

**8.**     **Nondisparagement.**  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens.  However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

**9.**     **No Rehire.**  Plaintiff agrees that (i) she will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if she applies for a

4

position either directly as an employee, as an independent contractor, or through a third party and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

10.     **Neutral Reference.** In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

11.     **Other Agreements By Plaintiff**. Plaintiff also agrees to all of the following:

(a)     that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

(b)     that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

(c)     that Plaintiff has been given a reasonable amount of time to consider this Agreement;

(d)     that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

(e)     that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(f)     that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

12.     **Confidentiality And Agreement Not To Publicize.**

(a)     Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it. This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement

5

or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

        **(b)**    In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

        **(c)**    In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) <u>business</u> days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

        **(d)**    Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

    **13.**    <u>**No Waiver By Inaction.**</u>  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

    **14.**    <u>**Miscellaneous.**</u>

6

      **(a)**    **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

      **(b)**    **Dispute Resolution.** The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

      **(c)**    **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

      **(d)**    **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

      **(e)**    **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

      **(f)**    **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

      **(g)**    **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements. With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

      **(h)**    **Severability.** Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

PLAINTIFF

Printed Name: Jessica R Rodriguez

Signature:

Date: 6/5/15

WALGREEN CO.

By: Michael M. Hernandez

Title: Senior Counsel

Date: August 31, 2015

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Steven Smith, as well as Smith's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff"). Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.    **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice. To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available. Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.    **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

3.  **General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

(a)  violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

(b)  violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

(c)  engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

(d)  failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

(e)  retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

       4.     **Covenant Not To Sue.**  Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2 -3, except that Plaintiff may bring a claim to enforce this Agreement or under the ADEA to challenge this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2 -3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff.  Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

       5.     **Rights And Claims Excluded From Waivers And Releases.**  This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff does not waive any right to file any claim for unemployment benefits and does  not waive any right under the Nevada Workers' Compensation Act.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

       6.     **Non-Admission of Liability.**  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

       7.     **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Two Thousand Five Hundred Fifteen Dollars and Thirty-Seven Cents

($2,515.37) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice.  The total settlement amount shall be allocated as follows:

        **(a)**      The sum of One Thousand Two Hundred Fifty-Seven Dollars and Sixty-Nine Cents ($1,257.69), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages.  Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

        **(b)**      The sum of One Thousand Two Hundred Fifty-Seven Dollars and Sixty-Nine Cents ($1,257.69) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages.  Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

        **(c)**      The sum of One Thousand Eight Hundred Fifty-One Dollars and Sixty-One Cents ($1,851.61) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses.  Walgreens will issue a Form 1099 to Plaintiff for this payment.  It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit.  Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit.   Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7.  Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff.  Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

        **8.**      **Nondisparagement.**  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens.  However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

        **9.**      **No Rehire.**  Plaintiff agrees that (i) he will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise engage Plaintiff in the future. Plaintiff further agrees and recognizes that if he applies for a

4

position either directly as an employee, as an independent contractor, or through a third party and/or is hired directly or through a third party on an employee or contractual basis by Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents in the future, this Agreement is sufficient and appropriate legal grounds for denying and/or terminating Plaintiff's employment or other work relationship with Walgreens and there shall be no liability for Walgreens taking such action.

10.    **Neutral Reference.**  In response to an inquiry from any current or prospective employer of Plaintiff, Walgreens agrees to provide a neutral reference limited to the following information: (i) Plaintiff's dates of employment; and (ii) Plaintiff's final position while employed by Walgreens.

11.    **Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

(a)    that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

(b)    that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

(c)    that Plaintiff has been given at least twenty-one (21) days to consider this Agreement;

(d)    that, for a period of seven (7) days following the execution of this Agreement,  Plaintiff may revoke Plaintiff's waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  In the event of such a revocation, Plaintiff's entitlement to the consideration described in Paragraph 7 will be reduced by ten percent (10%);

(e)    that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

(f)    that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(g)    that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

12.    **Confidentiality And Agreement Not To Publicize.**

Appendix A - 098

     **(a)**     Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it. This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law. For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

     **(b)**     In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment. Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

     **(c)**     In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) business days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure. Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309. Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure. This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media. Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

     **(d)**     Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12 , Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction. Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

13.     **No Waiver By Inaction.**   The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

14.     **Miscellaneous.**

(a)     **Continuing Jurisdiction.**   Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

(b)     **Dispute Resolution.**   The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

(c)     **Construction.**   The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d)     **Choice of Law.**   The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

(e)     **Extension of Time.**   The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

(f)     **Counterparts.**   This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g)     **Entire Agreement.**   This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements.  With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

(h)     **Severability.**   Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum

7

extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**

Printed Name: Steven Smith

Signature:

Date: 5/19/15

**WALGREEN CO.**

By: Michael M. Hernandez

Title: Senior Counsel

Date: August 31, 2015

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Rosemary Viramontes, as well as Viramontes' respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff").  Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.      **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice.  To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available.  Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2.      **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents,

representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

       **3.**    **General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

       **(a)**    violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

       **(b)**    violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

       **(c)**    engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

       **(d)**    failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

       **(e)**    retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion,

2

disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status, parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4. <u>**Covenant Not To Sue.**</u>  Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2 -3, except that Plaintiff may bring a claim to enforce this Agreement or under the ADEA to challenge this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the waivers and releases in Paragraphs 2 -3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff.  Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

5. <u>**Rights And Claims Excluded From Waivers And Releases.**</u>  This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff does not waive any right to file any claim for unemployment benefits and does  not waive any right under the Nevada Workers' Compensation Act.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

6. <u>**Non-Admission of Liability.**</u>  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

7. <u>**Consideration.**</u>  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total

settlement amount of Five Thousand Three Hundred Forty-Three Dollars and Fifty-Two Cents ($5,343.52) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice.  The total settlement amount shall be allocated as follows:

        **(a)**    The sum of Two Thousand Six Hundred Seventy-One Dollars and Seventy-Six Cents ($2,671.76), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages.  Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

        **(b)**    The sum of Two Thousand Six Hundred Seventy-One Dollars and Seventy-Six Cents ($2,671.76) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages.  Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

        **(c)**    The sum of Three Thousand Nine Hundred Thirty-Three Dollars and Forty-Five Cents ($3,933.45) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses.  Walgreens will issue a Form 1099 to Plaintiff for this payment.  It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit.  Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit.   Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7.  Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff.  Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

        **8.**    **Nondisparagement.**  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens.  However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

        **9.**    **Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

4

(a)     that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

(b)     that Plaintiff has been advised to consult with, and has in fact consulted with, a lawyer prior to signing this Agreement;

(c)     that Plaintiff has been given at least twenty-one (21) days to consider this Agreement;

(d)     that, for a period of seven (7) days following the execution of this Agreement,  Plaintiff may revoke Plaintiff's waiver of claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* by delivering a written revocation within the seven (7) day period to Walgreen's counsel, Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  In the event of such a revocation, Plaintiff's entitlement to the consideration described in Paragraph 7 will be reduced by ten percent (10%);

(e)     that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

(f)     that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

(g)     that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

10.     **Confidentiality And Agreement Not To Publicize.**

(a)     Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

5

**(b)**     In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

**(c)**     In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) business days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 10 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

**(d)**     Plaintiff acknowledges and agrees that a breach of this Paragraph 10 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 10, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

**11.     No Waiver By Inaction.**  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

**12.     Miscellaneous.**

**(a)     Continuing Jurisdiction.**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

      **(b)      Dispute Resolution.**  The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

      **(c)      Construction.**  The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

      **(d)      Choice of Law.**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

      **(e)      Extension of Time.**  The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

      **(f)      Counterparts.**  This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

      **(g)      Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements.  With the exception of extensions of time as described in Paragraph 12, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

      **(h)      Severability.**  Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**

Printed Name: Rosemary G. Viramontes

Signature: Rosemary Virat

Date: 6-02-15

**WALGREEN CO.**

By: Michael M. Hernandez

Title: ~~XXXXX~~ Senior Counsel

Date: ~~XXXXXXXX~~ August 31, 2015

8

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Nicholas Wheeler, as well as Wheeler's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff"). Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1. **Dismissal of the Lawsuit.** Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice. To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available. Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that is necessary for the effectuation of this Agreement.

2. **Specific Waiver And Release of All Claims.** In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

      3.    **General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

      **(a)**    violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

      **(b)**    violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

      **(c)**    engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

      **(d)**    failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

      **(e)**    retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4.   **Covenant Not To Sue.**  Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2-3, except that Plaintiff may bring a claim to enforce this Agreement.  Plaintiff also agrees not to participate in any class or collective action involving any claim covered by the wavers and releases in Paragraphs 2-3 against any or all of the Released Parties.  If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff.  Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

5.   **Rights And Claims Excluded From Waivers And Releases.**  This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding.  Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation.  Plaintiff does not waive any right to file any claim for unemployment benefits and does  not waive any right under the Nevada Workers' Compensation Act.  Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

6.   **Non-Admission of Liability.**  This Agreement is entered into in compromise of disputed claims.  The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens.  Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing.  The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

7.   **Consideration.**  In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Five Thousand Three Hundred Sixty-Six Dollars and Ninety-Nine Cents

3

($5,366.99) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice.  The total settlement amount shall be allocated as follows:

(a)     The sum of Two Thousand Six Hundred Eighty-Three Dollars and Fifty Cents ($2,683.50), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages.  Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

(b)     The sum of Two Thousand Six Hundred Eighty-Three Dollars and Fifty Cents ($2,683.50) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages.  Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

(c)     The sum of Three Thousand Nine Hundred Fifty Dollars and Seventy-Three Cents ($3,950.73) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses.  Walgreens will issue a Form 1099 to Plaintiff for this payment.  It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit.  Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit.  Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7.  Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff.  Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

8.     **Nondisparagement.**  Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens.  However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

9.     **Other Agreements By Plaintiff**.  Plaintiff also agrees to all of the following:

(a)     that Plaintiff is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiff has not been coerced, threatened, or intimidated into signing this Agreement;

(b)     that Plaintiff has been advised to consult with, and has in fact consulted

4

with, a lawyer prior to signing this Agreement;

          **(c)**     that Plaintiff has been given a reasonable amount of time to consider this Agreement;

          **(d)**     that Plaintiff is not otherwise entitled to the consideration described in Paragraph 7 and, as a result of this Agreement, has been properly paid by Walgreens for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages and/or interest stemming from any wage claim);

          **(e)**     that Plaintiff has not suffered any on-the-job injury for which Plaintiff has not already filed a workers' compensation claim; and

          **(f)**     that Plaintiff shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands of any kind, nature, description, or character whatsoever against Walgreens, except as required by court order or otherwise by law.

       **10.**    **Confidentiality And Agreement Not To Publicize.**

          **(a)**     Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

          **(b)**     In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

          **(c)**     In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) business days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality

5

agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 10 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

**(d)**    Plaintiff acknowledges and agrees that a breach of this Paragraph 10 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 10, Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

11.    **No Waiver By Inaction.**  The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

12.    **Miscellaneous.**

**(a)**    **Continuing Jurisdiction.**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

**(b)**    **Dispute Resolution.**  The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

**(c)**    **Construction.**  The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

**(d)**    **Choice of Law.**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

**(e)**    **Extension of Time.**  The Parties may agree upon a reasonable extension

6

of time for deadlines and dates reflected in this Agreement, without further notice.

(f)   **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g)   **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements. With the exception of extensions of time as described in Paragraph 12, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

(h)   **Severability.** Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**

Printed Name: Nicholas Wheeler

Signature:

Date: 5/14/15

**WALGREEN CO.**

By: Michael M. Hernandez

Title: Senior Counsel

Date: August 31, 2015

7

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is made by Walgreen Co., its respective officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Walgreens") and Plaintiff Dana Withaegar, as well as Withaegar's respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff").  Plaintiff and Walgreens are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between Plaintiff and Walgreens that resulted in Plaintiff's filing of a lawsuit, along with several other individuals, in the United States District Court for the District of Nevada (the "Court"), titled *Collins, et al. v. Walgreen Co. d/b/a Walgreens, et al.*, Case No. 2:14-cv-01587-JAD-(VCF), alleging that Walgreens did not pay Plaintiff and others overtime compensation purportedly owed under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and compensation purportedly owed and damages stemming from an alleged failure to comply with Nevada Revised Statute 608.005 *et seq.*, (the "Lawsuit");

WHEREAS, Walgreens denies all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Walgreens, to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Walgreens from the beginning of time through the date of execution of this Agreement, with prejudice.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.     **Dismissal of the Lawsuit.**  Within five (5) business days after both Plaintiff and Walgreens execute this Agreement, the Parties agree to seek dismissal of the Lawsuit by filing with the Court a joint motion to approve the Agreement and dismiss Plaintiff's claims with prejudice.  To the extent the Parties are required to submit this Agreement to the Court in support of the Parties' joint motion to approve the Agreement, Plaintiff agrees to cooperate with and join Walgreens in taking any steps possible to keep this Agreement from becoming publically available.  Plaintiff acknowledges and agrees that the terms and conditions in this Paragraph are material terms and conditions of this Agreement and constitute consideration to Walgreens that are necessary for the effectuation of this Agreement.

2.     **Specific Waiver And Release of All Claims.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff irrevocably and unconditionally waives, releases, and forever discharges Walgreens and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively, the "Released Parties") from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in the Lawsuit or that could have been asserted against any of the Released Parties in the Lawsuit.

   **3.   General Waivers And Releases.**  In exchange for the consideration described in Paragraph 7 of this Agreement, Plaintiff also fully and completely waives, releases, and forever discharges the Released Parties from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiff may have against any or all of the Released Parties arising out of Plaintiff's employment with Walgreens, the separation of Plaintiff's employment with Walgreens, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Released Parties:

   **(a)**   violated public policy or common law, including, but not limited to, claims for breach of contract; unjust enrichment; quantum meruit; intentional or tortious interference with contract or business relations; misrepresentation; fraud; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; false imprisonment; personal injury; defamation; libel; slander; invasion of privacy; negligence; negligent hiring, retention or supervision; negligent, reckless, or intentional infliction of emotional distress; mental anguish; conspiracy; and/or loss of consortium; or

   **(b)**   violated Walgreens' personnel policies, procedures, or handbooks; any covenant of good faith and fair dealing; or any purported contract of employment, express or implied, with Plaintiff; or

   **(c)**   engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*; or

   **(d)**   failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Walgreens; violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiff for the purpose of preventing Plaintiff from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*; or

   **(e)**   retaliated against or discriminated against Plaintiff on the basis of race, age, sex (including sexual harassment), color, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, medical condition, marital status,

2

parental status, veteran status, source of income, union activity, whistle-blower activity, or on any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Genetic Information Nondiscrimination Act; the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*; and the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1514A.

4. **Covenant Not To Sue.** Plaintiff agrees not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraphs 2 -3, except that Plaintiff may bring a claim to enforce this Agreement or under the ADEA to challenge this Agreement. Plaintiff also agrees not to participate in any class or collective action involving any claims covered by the waivers and releases in Paragraphs 2 -3 against any or all of the Released Parties. If Plaintiff violates this Paragraph 4, Plaintiff shall be liable to the Released Parties for their reasonable attorneys' fees and other litigation costs incurred in defending themselves in any lawsuit or proceeding initiated or joined by Plaintiff. Alternatively, if Plaintiff violates this Paragraph 4, Plaintiff may be required, at Walgreens' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Plaintiff pursuant to this Agreement.

5. **Rights And Claims Excluded From Waivers And Releases.** This Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge of discrimination with an administrative agency (such as the United States Equal Employment Opportunity Commission ("EEOC")) and Plaintiff's right to participate in any agency investigation or proceeding. Plaintiff is waiving, however, any right to recover money in connection with such a charge or investigation. Plaintiff does not waive any right to file any claim for unemployment benefits and does not waive any right under the Nevada Workers' Compensation Act. Plaintiff also is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency, except for money properly awarded by the Securities and Exchange Commission, or a civil action for false claims brought by Plaintiff and/or the United States government.

6. **Non-Admission of Liability.** This Agreement is entered into in compromise of disputed claims. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration herein are not and shall not be construed in any way as an admission of wrongdoing or liability on the part of Walgreens. Plaintiff further acknowledges that Walgreens denies all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

7. **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiff in this Agreement, Walgreens agrees to pay the total settlement amount of Four Thousand Five Hundred Sixty-Six Dollars and Eighty-Eight Cents

3

($4,566.88) within thirty (30) days after the last of the following occur: (i) Plaintiff and Walgreens sign this Agreement; (ii) Plaintiff and Plaintiff's lawyers complete, execute, and submit IRS Form W-9s to counsel for Walgreens; (iii) the Parties' joint motion to approve the Agreement pursuant to Paragraph 1 of the Agreement is granted by the Court; and (iv) and the Lawsuit is dismissed with prejudice. The total settlement amount shall be allocated as follows:

        **(a)** The sum of Two Thousand Two Hundred Eighty Three Dollars and Forty-Four Cents ($2,283.44), minus applicable statutory deductions and withholdings, shall be made payable to Plaintiff as payment for Plaintiff's alleged unpaid overtime wages. Walgreens shall issue an IRS Form W-2 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment;

        **(b)** The sum of Two Thousand Two Hundred Eighty-Three Dollars and Forty-Four Cents ($2,283.44) shall be made payable to Plaintiff as payment for Plaintiff's alleged liquidated damages and/or interest on back wages. Walgreens shall issue an IRS Form 1099 to Plaintiff at the appropriate time for tax reporting purposes in connection with this payment; and

        **(c)** The sum of Three Thousand Three Hundred Sixty-One Dollars and Seventy-Six Cents ($3,361.76) shall be made payable to Gabroy Law Offices as payment for Plaintiff's attorneys' fees and expenses. Walgreens will issue a Form 1099 to Plaintiff for this payment. It is expressly understood that this payment is only part of the total attorneys' fees and expenses that Walgreens has agreed to pay Gabroy Law Offices in connection with the settlement of claims in the Lawsuit. Accordingly, this payment may be combined with other payments in a single check to Gabroy Law Offices for attorneys' fees and expenses in connection with the settlement of claims in the Lawsuit. Walgreens will issue a Form 1099 to Gabroy Law Offices in connection with the total attorneys' fees and expenses it has agreed to pay.

Plaintiff agrees to indemnify and hold Walgreens harmless with respect to any taxes, interest, or penalties related to payments set forth in this Paragraph 7. Specifically, Plaintiff agrees to indemnify and hold Walgreens harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of the fact that Walgreens did not deduct federal income taxes, Social Security taxes, or other withholdings from the settlement payments described above or did not otherwise treat all settlement payments as taxable wages to Plaintiff. Walgreens does not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

        **8.**    **Nondisparagement.** Plaintiff agrees not to make any public statements, either oral or written, or take any other actions that disparage Walgreens. However, nothing herein prohibits Plaintiff from testifying truthfully in any proceeding if lawfully summoned to testify in such proceeding.

        **9.**    **No Rehire.** Plaintiff agrees that (i) she will not apply for or otherwise seek employment, or work on a contractual or other non-employee basis, with Walgreens or its current or future related organizations, companies, divisions, subsidiaries, affiliates, or parents; and (ii) Walgreens and its current or future related organizations, companies, divisions, subsidiaries, affiliates, and parents have no obligation to employ, hire, reinstate, or otherwise

4

**(a)**     Plaintiff agrees to keep strictly confidential the facts and circumstances underlying and giving rise to the Lawsuit, the settlement amounts outlined in Paragraph 7, and all other terms and conditions of this Agreement, including all of the discussions, conversations, and negotiations leading to the execution of it.  This means that Plaintiff shall not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publicize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except to Plaintiff's spouse, attorneys, tax advisors, accountants, a taxing authority (such as the IRS), a court of competent jurisdiction in order to enforce this Agreement or demonstrate a breach of this Agreement, or as required by law.  For example, Plaintiff shall not post or otherwise publicize information in this Agreement on any blogs, websites, or social media sites—including, but not limited to, Twitter, Facebook, MySpace, Instagram, Topix, and LinkedIn.

**(b)**     In response to any inquiries from anyone other than those listed herein regarding the facts and circumstances underlying and giving rise to the Lawsuit, and the terms and provisions of and circumstances leading up to the execution of this Agreement, Plaintiff will simply state, "the matter has been resolved" and will make no other comment.  Moreover, this provision shall not apply in the event Plaintiff is served with a subpoena or other legal process compelling testimony.

**(c)**     In the event that Plaintiff is required by law or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part, Plaintiff must notify Walgreens in writing at least fifteen (15) business days prior to the disclosure in order to provide Walgreens an opportunity to object to such disclosure.  Such written notification to Defendant shall be sent to: Brett Bartlett, Seyfarth Shaw LLP, 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia 30309.  Plaintiff agrees to cooperate fully with Walgreens if Walgreens decides to object to such disclosure.  This confidentiality agreement specifically includes, but is not limited to an obligation, on the part of Plaintiff and Plaintiff's counsel and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of this Agreement to any current or former employee of Walgreens or of any of its affiliates, or to any individual associated with the press or the media.  Plaintiff acknowledges personal responsibility and liability for any disclosure prohibited by this Paragraph 12 and its subparts, including disclosures made by Plaintiff and by Plaintiff's representatives.

**(d)**     Plaintiff acknowledges and agrees that a breach of this Paragraph 12 and its subparts, by Plaintiff or any person to whom Plaintiff disclosed confidential information under this Paragraph 12 , Subsection (a), is a material breach of this Agreement and, because the exact amount of potential damages to Walgreens resulting from Plaintiffs' breach of this Paragraph and its subparts is difficult to determine with any precision, if Plaintiff reveals information that Plaintiff has agreed to keep confidential and/or otherwise fails to comply with this Paragraph and its subparts in any way, then Walgreens may seek an injunction that and/or judgment against Plaintiff in a court of competent jurisdiction.  Plaintiff agrees to waive any bond requirement that Walgreens might otherwise have to satisfy in order to secure an injunction. The breaching Plaintiff shall be liable for Walgreens' attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as liquidated damages in the amount of 10% of the settlement amount paid to Plaintiff pursuant to Paragraph 7 of this Agreement (excluding attorneys' fees and costs) for each instance of a breach.

6

**13.**   <u>**No Waiver By Inaction.**</u>   The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

**14.**   <u>**Miscellaneous.**</u>

   **(a)**   **Continuing Jurisdiction.**   Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

   **(b)**   **Dispute Resolution.**   The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.

   **(c)**   **Construction.**   The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, the normal rule of construction that any ambiguity or uncertainty in writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

   **(d)**   **Choice of Law.**   The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Nevada, regardless of whether any party is, or may hereafter be, a resident of another state.

   **(e)**   **Extension of Time.**   The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

   **(f)**   **Counterparts.**   This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.  E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

   **(g)**   **Entire Agreement.**   This Agreement sets forth the entire agreement between Plaintiff and Walgreens regarding their settlement and supersedes any other written or oral statements, representations, communications, understandings, and agreements.  With the exception of extensions of time as described in Paragraph 14, Subsection (e), no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by Plaintiff and Walgreens.

   **(h)**   **Severability.**   Plaintiff and Walgreens agree that if any phrase, clause, or provision of this Agreement is declared illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision of this Agreement is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum

7

extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in Paragraphs 2, 3, or 4 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part, then Walgreens' obligations under this Agreement shall be nullified.

**PLAINTIFF**

Printed Name: _Dana Withaeger_

Signature: _Dana Wity_

Date: _5/15/15_

**WALGREEN CO.**

By: _Michael M. Hernandez_

Title: _Senior Counsel_

Date: _August 31, 2015_

8